NO. 07-11-0309-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

AUGUST 26, 2011

 

______________________________

 

 

JOHANSON LEE WATSON, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 46TH DISTRICT COURT OF WILBARGER
COUNTY;

 

NO. 9480; HONORABLE DAN MIKE BIRD, JUDGE[1]

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            On August 23,
2011, this Court sua sponte transferred
to this cause number the record from two previous mandamus proceedings[2]
brought by Appellant, Johanson Lee Watson. 
According to the limited record before this Court, on February 8, 1997, Appellant
was indicted in trial court cause number 9479 for the offense of sexual assault
of a child.  That same date, he was also
indicted in trial court cause number 9480 for the offense burglary of a
habitation.  Pursuant to a plea bargain
agreement with the State, Appellant agreed to plead guilty to the sexual
assault offense in exchange for the dismissal of the burglary of a habitation
case.  A judgment of conviction was
entered in cause number 9479 on August 8, 1997. 
The indictment in cause number 9480 was subsequently dismissed.  

On January 18, 2011, Relator filed a Motion for Leave for Judgment Nunc Pro Tunc
in both trial court cause numbers, arguing that the oral pronouncement at the
sentencing hearing in 1997 conflicted with the trial court's written judgment
in cause number 9479.  In April 2011, proceeding pro se and in forma pauperis, Appellant filed a mandamus proceeding in
this Court in cause number 07-11-0177-CV, seeking to compel the trial court to
rule on that motion.  This Court
requested a response from the trial court. 
In lieu of a response, on June 10, 2011, the trial court conducted a
hearing on Appellant's motion.  Following
that hearing, the trial court denied the request for a judgment nunc pro tunc and entered a written
order memorializing that ruling.  Appellant's
court-appointed counsel filed a notice of appeal from that ruling, bearing
cause number 9480, which notice gave rise to the instant appeal.[3]

A notice of appeal reflecting a
cause number for which there is no sentence or final judgment of conviction
does not invoke our jurisdiction.  See Ex parte Rathmell,
717 S.W.2d 33, 48 (Tex.Crim.App. 1986).  See also De Silva v. State, 98 Tex.Crim. 499, 267 S.W.271, 272 (1924) (noting that appeals
are normally limited to a person convicted of offenses and those denied release
under writ of habeas corpus).

No conviction having ever been
entered in the cause number 9480, there is no final
judgment from which an appeal may be prosecuted.  Consequently, this purported appeal is
dismissed for want of jurisdiction.

 

 

                                                                                    Patrick A. Pirtle

                                                                                          Justice

 

Do not publish.

 

 











[1]Hon. Stuart Messer, sitting by assignment.  Tex. Gov't Code Ann. § 75.002(a)(3) (West 2005).

 





[2]See In re Watson, No. 07-11-00157-CV,
2011 Tex. App. LEXIS 6493 (Tex.App.--Amarillo Aug. 15, 2011, orig. proceeding),
and In re Watson, No. 07-11-0177-CV. 2011 Tex. App. LEXIS
6482 (Tex.App.--Amarillo Aug. 15, 2011).





[3]Appellant's
appointed counsel also filed a notice of appeal from that ruling, bearing cause
number 9479, which notice gave rise to the appeal in cause number
07-11-0308-CR.